# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 07 C 4979 |
| MICHAEL E. KELLY; MICHAEL P. KELLY; DONALD L. KELLY; JOHN L. CORWIN; CORPORATIVE NOLA, S.A. DE C.V.; RESORT HOLDING INTERNATIONAL (RHI) S.A.; PANORAMA COMMUNITIES, S.A.; WORLD PHANTASY TOURS, INC. (VIAJES Y FANTASIA POR EL MUNDO, S.A.), ALSO D/B/A MAJESTY TRAVEL; GALAXY PROPERTIES MANAGEMENT, S.A.; YUCATAN RESORTS, S.A. DE C.V.; RESORT HOLDINGS INTERNATIONAL, S.A. DE C.V.; MARK RUTTENBERG; RUTTENBERG & ASSOCIATES FINANCIAL MARKETING, INC.; MARK G. MEYER; MARK MEYER & ASSOCIATES, INC.; RICHARD E. RINER; SOUTHWEST INCOME MARKETING, INC.; GEORGE PHELPS, ALSO D/B/A SAFE ESTATE PLANS; JOHN E. TENCZA, ALSO D/B/A AMERICAN INVESTMENT MANAGEMENT GROUP, INC.; AMERICAN ELDER GROUP, L.L.C.; CARL Q. LEE; CARL LEE AND ASSOCIATES, INC.; ROY D. HIGGS; WARRENT T. CHAMBERS; WILLIAM K. BOSTON, JR.; CENTUARY ESTATE PLANNING, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| and **AVANTI MOTOR CORP and DMK PROPERTIES, L.L.C.,** | ) ) ) ) | |
| Relief Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Mark Ruttenberg has moved to dismiss counts I, II, III, VIII, and IX of the complaint filed by plaintiff the United States Securities and Exchange Commission ("SEC"). These counts allege Ruttenberg violated section 17(a)(1) of the Securities Act, 15 U.S.C. § 77q(a)(1) (count I); section 17(a)(2) and (a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2) and (a)(3) (count II); section 10(b) of the Exchange Act, 15 U.S.C. §78j(b) and Rule 10(b)(5), 17 C.F.R. § 240.10b-5 (count III); Rule 10b-10 of the Exchange Act, 17 C.F.R. § 240.10b-10 (count VIII); and aided and abetted certain entities in violation of Rule 10b-10 (count IX). For the following reasons, the motion to dismiss is denied.

I.

The complaint alleges defendants, led by Michael E. Kelly ("Kelly"), perpetrated a fraud through the offer and sale of fraudulent and unregistered securities. The securities in question were called "Universal Leases" and were structured as timeshares in several hotels in Cancun, Mexico, coupled with pre-arranged servicing agreements with a purportedly independent leasing agent (the "Leasing Agent") that promised investors a safe investment and guaranteed returns. As explained to most investors, the Leasing Agent would rent their timeshares to others, pay investors a fixed rate of return and an additional "premium" in connection with a redemption option that purportedly gave each Universal Lease investor the right to redeem his or her Universal Lease at any time

2

after two years (later changed to three years) for 100% of the initial purchase price ("the redemption option"). Contrary to the representations made to investors, however, Kelly and those under his control are alleged to have used new investor funds raised in the scheme to make illusory "rental income" payments to the investors. Kelly is alleged to have used a network of insurance brokers who were not registered with the SEC and could not legally sell these securities ("the Selling Brokers"), and paid them large, undisclosed commissions which totaled more than $72 million.

The complaint alleges that during the relevant period, Ruttenberg owned and controlled Ruttenberg & Associates Financial Marketing, Inc. ("RAFM"). Ruttenberg and his firm are identified as Selling Brokers (or Top Selling Brokers) in the complaint. RAFM contracted with Yucatan Resorts Mex, a Mexican corporation that was controlled by Kelly and other defendants, to market the Universal Lease in the United States and to recruit Selling Brokers to offer and sell the Universal Lease in the United States. The SEC alleges that from late 1999 to March 2004, Ruttenberg and RAFM recruited hundreds of Selling Brokers who, in turn, offered and sold Universal Leases to investors in the United States. RAFM was paid approximately $6.4 million in commissions for the Universal Leases sold by their down-line brokers. Neither Ruttenberg nor RAFM were registered with the SEC as a broker or dealer and neither were associated with any registered broker or dealer.

II.

In assessing defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). Moreover, under Rule 9(b), allegations of securities fraud are subject to heightened pleading requirements. Fed. R. Civ. P. 9(b). Fraud must be pled with particularity and the complaint must allege the "who, what, when, where, and how" of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

III.

A.  Counts I, III, VIII, and IX

Ruttenberg moves to dismiss counts I, III, VIII, and IX on the grounds that the SEC has failed to adequately plead scienter and fraud with particularity. Count III alleges violations of section 10(b) of the Exchange Act and Rule 10(b)(5), which require proof of scienter. *See Tellabs,* 127 S. Ct. at 2507 (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193-94 (1976). Count I alleges violations of section 17(a)(1) of the Securities Act, which also requires proof of scienter. *Aaron v. Securities & Exchange Comm'n,* 446 U.S. 680, 697 (1980); *see also Securities & Exchange Comm'n v.*

4

*Alliance Leasing Corp.*, No. 98-CV-1810-J (CGA), 2000 WL 35612001, at *11 (S.D. Cal. Mar. 20, 2000) ("The only real distinction between [section 17(a) and section 10(b)] is that [s]ection 10(b) requires the 'purchase or sale' of securities while [s]ection 17(a) deals with the 'offer or sale' of securities.'"). Scienter is defined as "a mental state embracing intent to deceive, manipulate, or defraud." *Ernst & Ernst*, 425 U.S. at 193 n. 12. Reckless disregard of the truth also satisfies the scienter requirement, as does "deliberate ignorance." *Securities & Exch. Comm'n v. Jakubowski*, 150 F.3d 675, 681-82 (7th Cir. 1998) (citations omitted). The Seventh Circuit has adopted the following definition of recklessness in the context of securities fraud:

> a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it.

*Sundstrand Corp. v. Sun Chemical Corp.*, 553 F.2d 1033, 1045 (7th Cir. 1977) (quotation omitted).

The SEC argues it has adequately pled scienter by alleging that Ruttenberg: (1) "parroted Kelly's false statement about the Leasing Agent, the source of investor payments, the rate of return, the redemption option, and the safety of the Universal Lease, without conducting sufficient due diligence regarding the truth of these representations," (compl. at ¶ 198); (2) "conducted little or no investigation about the Leasing Agent, which was the critical

5

part of the Universal Lease program . . . [and] the only entity responsible for paying the annual returns and repurchasing the Universal Lease from the investor for 100% of its original purchase price," (id. at ¶ 199); (3) failed to disclose to investors that he "knew little or nothing about the Leasing Agent," (id.); (4) failed to disclose his commissions, which ranged "from 18-27% of the purchase price of the Universal Lease," (id. at ¶ 200); and (5) stressed the redemption option to prospective investors despite having notice "that the redemption option likely could not be honored for all investors." (Id. at ¶ 123.) The complaint alleges that Ruttenberg was aware of the latter because the "the Selling Brokers were themselves receiving a substantial percentage of the investor's investment principal (between 18 and 27 percent), and [] the value of the 25-year lease would tend to decrease over time, as fewer years remained in each investor's timeshare interest." (Id.)

Taken as a whole, the allegations in the complaint sufficiently allege scienter. The complaint alleges that Ruttenberg's role was to recruit the selling brokers, and that he and his company "supplied them with offering documents, conducted training, designed advertising brochures to send to prospective brokers, explained the details of the Universal Lease to prospective brokers ..., reviewed and approved Selling Broker advertising pieces, answered questions about Universal Lease forms and generally acted as a liaison between the down-line Selling Brokers and their clients ... and the Issuers and Leasing Agent

6

...." (Id. at ¶ 187.) The complaint alleges that he did this, essentially on the word of Kelly, and without disclosing the excessive commissions that he and his co-defendant brokers were receiving, nor that he knew nothing about the Leasing Agent (who was responsible for paying the promised return on investment and the return of principal). Ruttenberg says that at most his conduct would constitute negligence but as an unregistered broker he could not offer investments simply by relying on a promoter. In these circumstances, a failure to investigate has been held to constitute fraud. *E.g., SEC v. Montana,* 464 F. Supp. 2d 772, 784 (S.D. Ind. 2006); *SEC v. Randy,* 38 F. Supp. 2d 657, 670 (N.D. Ill. 1999). Furthermore, the failure to disclose commissions in the amounts alleged is a sufficient allegation of fraud. *E.g., SEC v. Alliance Leasing Corp.*, 2000 U.S. Dist. LEXIS 5227, at *29-34 (S.D. Cal. 2000), *aff'd SEC v. Alliance Leasing Corp.*, 28 Fed. Appx. 648 (9th Cir. 2002); *Ettinger v. Merrill Lynch, Pierce, Fenner & Smith,* 835 F.2d 1031, 1031 (3d Cir. 1987). In addition, the complaint details Ruttenberg's actions with sufficient particularity.

The parties dispute whether plaintiff must also plead scienter under Rule 10b-10 in order to state a claim under counts VIII and IX. Rule 10b-10 requires broker-dealers to provide customers with a written confirmation at or before completion of a securities transaction. The confirmation must contain information such as the date and time of the transaction, whether the broker-dealer is acting as agent for the customer, and the amount of remuneration to

7

be received by the broker-dealer. *See* 17 C.F.R. § 240.10b-10.

The language of § 10 plainly contemplates SEC regulation of certain non-fraudulent conduct in addition to fraud. The statute provides as much when it identifies "[r]ules promulgated under subsection (b) of this section that prohibit fraud, manipulation, or insider trading" vis-a-vis "rules imposing or specifying reporting or recordkeeping requirements, procedures, or standards as prophylactic measures against fraud, manipulation, or insider training." 15 U.S.C. ¶ 78j. Rule 10b-10 qualifies under the latter category, as a reporting requirement, and therefore is not a cause of action grounded in fraud. The fact that compliance with Rule 10b-10 is not a shield against liability under Rule 10b-5, *see Ettinger v. Merril Lynch, Pierce, Fenner & Smith*, 835 F.2d 1031, 1036 (3rd Cir. 1987), corroborates this interpretation. Moreover, multiple circuits examining the scope of Rule 10b-10 have not identified a scienter requirement. *See Geman v. Securities & Exchange Comm'n* , 334 F.3d 1183, 1193-95 (10th Cir. 2003); *Press v. Quick & Reilly, Inc.*, 218 F.3d 121, 128-29 (2d Cir. 2000). The cases cited by defendant address only the scope of the Rule in the context of a private right of action, which raise distinct statutory interpretation questions than those at issue here. *See Stoneridge Inv. Partners, LLC v. Scientific-Atlanta*, 128 S. Ct. 761, 768 (2008) (citing *Superintendent of Ins. of N.Y. v. Bankers Life & Casualty Co.*, 404 U.S. 6, 13 n. 9 (1971)) ("Though the text of the Securities Exchange Act does not provide for a private cause

8

of action for § 10(b) violations, the Court has found a right of action implied in the words of the statute and its implementing regulation."). Accordingly, I find the SEC is not required to plead scienter or with heightened particularity in order to state a claim under Rule 10b-10 and, therefore, the motion to dismiss counts VIII and IX is denied.

### B. Count II

Scienter is not required in order to establish violations of sections 17(a)(2) and 17(a)(3) of the Securities Act. *See Aaron*, 446 U.S. at 696-97. Defendant complains that the complaint still fails to sufficiently allege negligence by Ruttenberg. I disagree based on the allegations concerning Ruttenberg's failures to conduct due diligence. Accordingly, the motion to dismiss count II is denied.

### IV.

For the foregoing reasons, defendant's motion to dismiss is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: April 8, 2008