

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07 C 4979 |
| | ) |
| Michael E. Kelly, et al., | ) Judge: Elaine E. Bucklo |
| Defendants, | ) |
| and | ) Magistrate Judge: Arlander Keys |
| | ) |
| Avanti Motor Corporation and DMK Properties, L.L.C., | ) |
| | ) |
| Relief Defendants. | ) |

## FINAL JUDGMENT AGAINST
## JOHN E. TENCZA AND AMERICAN ELDER GROUP, L.L.C.

The Securities and Exchange Commission having filed a Complaint and Defendants John E. Tencza ("Tencza") and American Elder Group, L.L.C ("American Elder") (collectively "Defendants") having entered a general appearance and consented to the Court's jurisdiction over Defendants and the subject matter of this action; and Defendants having previously consented to an Order of Permanent Injunction Against John E. Tencza and American Elder Group, L.L.C. ("Order of Permanent Injunction"); and the SEC having filed a motion seeking the entry of a Final Judgment setting disgorgement, prejudgment interest and civil penalties to be paid by the Defendants and incorporating in the Final Judgment the permanent injunctive relief previously ordered; and the Court having considered the SEC's motion, the submissions of all parties concerning this motion, and being apprised of the premises; the Court grants the SEC's motion and orders as follows.

I.

IT IS HEREBY ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

II.

IT IS FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

2

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Rule 10b-10 promulgated under the Exchange Act [17 C.F.R. § 240.10b-10] by effecting for the account of a customer, or inducing the purchase or sale by such customer, of a security without, at or before completion of such transaction, giving or sending to such customer written notice disclosing the source and amount of any other remuneration received or to be received by them in connection with the transaction.

V.

IT IS FURTHER ORDERED that Defendant Teneza and Defendant Teneza's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations Rule 10b-10 promulgated under the Exchange Act [17 C.F.R. § 240.10b-10] by knowingly providing

substantial assistance to any person or entity that is effecting for the account of a customer, or inducing the purchase or sale by such customer, of a security without, at or before completion of such transaction, giving or sending to such customer written notice disclosing the source and amount of any other remuneration received or to be received by them in connection with the transaction.

VI.

IT IS FURTHER ORDERED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers acceptances, or commercial bills), without registering with the Commission as a broker or dealer.

VII.

IT IS FURTHER ORDERED, that Defendants are liable jointly and severally for disgorgement of $1,661,837.07, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $759,082.71, for a total of $2,420,919.78. Defendants are also liable for civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. Defendant Teneza is liable for a civil penalty in the amount of $120,000 and Defendant American Elder is liable for a civil penalty in the amount of $600,000. Defendants shall satisfy

5

these obligations by paying these amounts within 14 days after entry of this Final Judgment. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, the defendant may assert any legally permissible defense.

Payments under this paragraph shall be made to the to the Clerk of this Court, together with a cover letter identifying Tencza and American Elder as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States.

6

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of either Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

7

VIII.

IT IS FURTHER ORDERED that the Defendants' Consent signed in connection with the Order of Permanent Injunction previously entered in this action is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

IX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes, including enforcement of the terms of this Final Judgment.

X.

IT IS FURTHER ORDERED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 4/5/10

*Elaine E. Bucklo*
UNITED STATES DISTRICT JUDGE