UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-cv-4979 |
| Michael E. Kelly, et al., | ) |
| Defendants, | ) Judge: Elaine E. Bucklo |
| and | ) |
| | ) Mag. Judge: Arlander Keys |
| Avanti Motor Corporation and DMK Properties, L.L.C., | ) |
| | ) |
| Relief Defendants. | ) |

**AMENDED PLAINTIFF'S MOTION
FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS
CARL Q. LEE AND CARL LEE AND ASSOCIATES, INC.**

Pursuant to Federal Rule of Civil Procedure 54(b) and the Court's September 5, 2008 order (Docket Entry 108), the Securities and Exchange Commission ("SEC") respectfully moves the Court to: (1) find defendants Carl Q. Lee ("Lee") and his business Carl Lee and Associates, Inc. ("Lee and Associates US," or collectively, the "Lee Defendants")[1] jointly and severally liable for disgorgement of the illegal Universal Lease commissions paid to and retained by them in the amount of $1,416,557.82, and for prejudgment interest thereon in the amount of $603,088.00, for a total of $2,019,645.82; (2) impose a civil penalty against Lee in the amount of $120,000; (3) enter an order dismissing the SEC's claim for a civil penalty against Lee and Associates US; and (4) enter a final judgment against the Lee Defendants in the form attached as

---

[1] Due to Kelly's use of entities with similar names based in three countries, the complaint used a convention of adding a country-of-origin label after each entities abbreviated name. This convention is also used in this motion and the related memorandum of law to avoid any confusion when referring to the allegations in the complaint.

Exhibit 1 which includes both the disgorgement and civil penalties sought in this motion and the permanent injunctive relief previously ordered against them. In support, the SEC states as follows:

1. This is a securities enforcement action brought by the SEC in response to a massive nationwide fraudulent investment scheme orchestrated by Michael E. Kelly ("Kelly"). As alleged in the complaint, Kelly and those working with him raised more than $428 million from American investors through the fraudulent offer and sale of securities in the form of "Universal Leases." To sell Universal Leases, Kelly used a network of unregistered sales people (who could not legally sell these securities) that he trained and who sold the Universal Lease by simply parroting to investors the false and misleading statements Kelly made to them in training. In addition, Kelly paid the sales people huge commissions that they did not disclose to investors.

2. Among Kelly's top sales people was Lee, who acted through his company Lee and Associates US. The complaint alleges, among other things, that the Lee Defendants offered and sold Universal Leases through the use of false and misleading statements about the Universal Leases, failed to disclose the huge commissions Kelly was paying to them, recruited others to sell the Universal Leases, and pocketed at least $1,416,557.82 in commissions for Universal Lease sales.

3. The SEC seeks a judgment against Lee and Lee and Associates US which: (a) permanently enjoins and restrains them from violating the charged provision of the federal securities laws (i.e., Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15(a) of the Securities Act of 1934 ("Exchange Act") and Rules 10b-5 and 10b-10 thereunder and, as to Lee only, from aiding and abetting violations of Rule 10b-10); (b) requires them to disgorge all ill-gotten gains and unjust enrichment realized by them from

their unlawful conduct, gained directly or indirectly from the conduct alleged in the complaint, together with prejudgment interest thereon; and (c) orders them to pay an appropriate civil money penalty. *See* Complaint, Docket Entry 1, at pp. 51-63.

4. In response to the complaint, the Lee Defendants entered into bifurcated settlements with the SEC in which they consented to the entry of an order of permanent injunction against them prohibiting future violations of the charged provisions of the securities laws. In addition, the Lee Defendants agreed to procedures for resolving the SEC's remaining claims for disgorgement and civil penalties against them. *See* Consent of Defendants Carl Q. Lee and Carl Lee and Associates, Inc., Docket Entry 105-3, at ¶ 3.

5. Specifically, the Lee Defendants agreed that upon the SEC's motion, the Court would determine whether it is appropriate to order disgorgement of their ill-gotten gains, and whether to impose a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and civil penalty. *Id.* The Lee Defendants also agreed that that in connection with the SEC's Motion: (a) they would be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) they could not challenge the validity of their consent or the Order of Permanent Injunction; (c) solely for the purposes of this motion, the allegations of the Complaint would be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. *Id.*

6. These agreed-upon procedures were included in the Court's order of permanent injunction entered against the Lee Defendants. *See* Order of Permanent Injunction Against Defendants Carl Q. Lee and Carl Lee and Associates, Inc., Docket Entry 108, at pp. 5-6, Section VII.

7. The SEC now moves the Court to find Lee and Lee Associates US jointly and severally liable for disgorgement, prejudgment interest thereon and, as to Lee only, a civil penalty. Pursuant to their agreement and the Court's prior orders, the Lee Defendants may not contest that they violated the federal securities laws as alleged in the complaint. Thus, it is established that they violated Sections 5(a), 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a) of the Exchange Act and Rules 10b-5 and 10b-10 thereunder. Furthermore, the allegations of the complaint against them are taken as true for purposes of this motion.

8. As discussed more fully in the SEC's memorandum of law submitted in support of this motion and in the Declaration of R. Kevin Barrett (an accountant for the SEC who has examined the bank records reflecting the commissions paid to and retained by the Lee Defendants), attached as Exhibit 2 to this motion, the facts alleged in the complaint demonstrate that the Lee Defendants violated the anti-fraud and other registration provisions of the federal securities laws and profited handsomely as a result. By this motion, the SEC seeks an order requiring the Lee Defendants, jointly and severally, to pay disgorgement of the commissions paid to them for their Universal Lease sales and prejudgment interest on this amount. In addition, the SEC requests that the Court order Lee to pay a single third-tier civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(d)(3)] in the amount of $120,000, and to dismiss the SEC's pending claim for a civil penalty against Lee and Associates US.

WHEREFORE, Plaintiff, the United States Securities and Exchange Commission respectfully requests that the Court:

1. Find Lee and Lee and Associates US jointly and severally liable for disgorgement of $1,416,557.82, plus prejudgment interest in the amount of $603,088.00, for a total of $2,019,645.82;

2. Impose a civil penalty against Lee in the amount of $120,000.

3. Dismiss the SEC's claim for a civil penalty against Lee and Associates US.

3. Enter a final judgment against Lee and Lee and Associates US in the form attached hereto as Exhibit 1; and

4. Enter such other and further relief as the Court deems appropriate.

Dated: June 21, 2010

Respectfully submitted,

/s Kristopher S. Heston
Kristopher S. Heston (IL Bar No. 6204816)
Steven J. Levine (IL Bar No. 6226921)
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Ph: (312) 353-7390
Fx: 312.353.7398
Email: hestonk@sec.gov