## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission,   ) | |
| ) | |
| **Plaintiff,**   ) | |
| ) | |
| **v.**   ) | |
| ) | **Civil Action No. 07-cv-4979** |
| **Michael E. Kelly, et al.,**   ) | |
| **Defendants,**   ) | **Judge: Elaine E. Bucklo** |
| **and**   ) | |
| ) | **Mag. Judge: Arlander Keys** |
| **Avanti Motor Corporation and DMK Properties, L.L.C.,**   ) | |
| ) | |
| **Relief Defendants.**   ) | |

### PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
### AGAINST DEFENDANT GEORGE L. PHELPS

Pursuant to Federal Rule of Civil Procedure 54(b) and the Court's December 2, 2008 order (Docket Entry 120), the Securities and Exchange Commission ("SEC") respectfully moves the Court to: (1) find defendant George L. Phelps, also known as "Lin" Phelps and also doing business under the name "Safe Estate Plans," ("Phelps") liable for disgorgement of the illegal Universal Lease commissions paid to him in the amount of $2,002,766.66, and for prejudgment interest thereon in the amount of $919,732.93, for a total of $2,922,499.59; (2) impose a civil penalty against Phelps in the amount of $120,000; and (3) enter a final judgment against Phelps in the form attached as Exhibit 1 which includes both the disgorgement and civil penalties sought in this motion and the permanent injunctive relief previously ordered against him. In support, the SEC states as follows:

1.     This is a securities enforcement action brought by the SEC in response to a massive nationwide fraudulent investment scheme orchestrated by Michael E. Kelly ("Kelly").

As alleged in the complaint, Kelly and those working with him raised more than $428 million from American investors through the fraudulent offer and sale of securities in the form of "Universal Leases." To sell Universal Leases, Kelly used a network of unregistered sales people (who could not legally sell these securities) that he trained and who sold the Universal Lease by simply parroting to investors the false and misleading statements Kelly made to them in training. Kelly paid these sales people huge commissions that they did not disclose to investors.

2. Among Kelly's top sales people was Phelps. The complaint alleges that Phelps offered and sold Universal Leases through the use of false and misleading statements, failed to disclose the huge commissions Kelly was paying him, recruited others to sell the Universal Leases and, according to the SEC's preliminary analysis, pocketed at least $1.8 million in commissions for Universal Lease sales.

3. The SEC seeks a judgment against Phelps that: (a) permanently enjoins and restrains him from violating the charged provision of the federal securities laws (i.e., Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15(a) of the Securities Act of 1934 ("Exchange Act") and Rules 10b-5 and 10b-10 thereunder); (b) requires him to disgorge all ill-gotten gains and unjust enrichment realized from his unlawful conduct, gained directly or indirectly from the conduct alleged in the complaint, together with prejudgment interest thereon; and (c) orders him to pay an appropriate civil money penalty. *See* Complaint, Docket Entry 1, at pp. 51-63.

4. In response to the complaint, Phelps entered into a bifurcated settlement with the SEC in which he consented to the entry of an order of permanent injunction against him prohibiting future violations of the charged provisions of the securities laws. In addition, Phelps agreed to procedures for resolving the SEC's remaining claims against him for disgorgement and

civil penalties (i.e., for resolving this motion).  *See* Consent of Defendant George L. Phelps, Docket Entry 113-3, at ¶ 3.

5.      Specifically, Phelps agreed that upon the SEC's motion, the Court would determine whether it is appropriate to order disgorgement of his ill-gotten gains, and whether to impose a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and civil penalty.  *Id.*  Phelps also agreed that that in connection with the SEC's motion: (a) he would be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) he could not challenge the validity of his consent or the order of permanent injunction entered against him; (c) solely for the purposes of this motion, the allegations of the complaint would be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  *Id.*

6.      The Court included these agreed-upon procedures in the order of permanent injunction previously entered against Phelps.  *See* Amended Order of Permanent Injunction Against Defendant George L. Phelps, Docket Entry 120, at p. 5, Section VI.

7.      The SEC now moves the Court to find Phelps liable for disgorgement, prejudgment interest thereon, and a civil penalty.  Pursuant to his agreement and the Court's prior order, Phelps may not contest that he violated the federal securities laws as alleged in the complaint.  Thus, it is established that he violated Sections 5(a), 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a) of the Exchange Act and Rules 10b-5 and 10b-10 thereunder.

8.      In addition, the allegations of the complaint, taken as true for purposes of this motion, amply demonstrate that Phelps fraudulently offered and sold Universal Leases in violation of the federal securities laws and profited handsomely as a result.  As discussed more fully in the SEC's memorandum of law submitted in support of this motion and in the Declaration of R. Kevin Barrett (an accountant for the SEC who has examined the bank records showing the commissions paid to Phleps), which is attached as Exhibit 2 to this motion, these uncontested facts and the law show that the Court should order Phelps to disgorge the Universal Lease commissions paid to him in the amount of $2,002,766.66, plus prejudgment interest in the amount of $919,732.93.  In addition, the SEC submits that the Court should find that Phelps' conduct is deserving of a single third-tier civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(d)(3)].

WHEREFORE, Plaintiff, the United States Securities and Exchange Commission respectfully requests that the Court:

1.      Find Phelps liable for disgorgement of $2,002,766.66, plus prejudgment interest in the amount of $919,732.93, for a total of $2,922,499.59;

2.      Impose a civil penalty against Phelps in the amount of $120,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(d)(3)] ;

3.    Enter a final judgment against Phelps in the form attached hereto as Exhibit 1; and

4.    Enter such other and further relief as the Court deems appropriate.


Dated:  December 13, 2010                    Respectfully submitted,

                                             /s  Kristopher S. Heston
                                             Kristopher S. Heston (IL Bar No. 6204816)
                                             Steven J. Levine (IL Bar No. 6226921)
                                             Attorneys for Plaintiff
                                             U.S. Securities and Exchange Commission
                                             175 W. Jackson Blvd., Suite 900
                                             Chicago, IL 60604
                                             Ph: (312) 353-7390
                                             Fx: 312.353.7398
                                             Email: hestonk@sec.gov