UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-cv-4979 |
| Michael E. Kelly, et al., | ) |
| Defendants, | ) Judge: Elaine E. Bucklo |
| and | ) |
| | ) Mag. Judge: Arlander Keys |
| Avanti Motor Corporation and DMK Properties, L.L.C., | ) |
| | ) |
| | ) |
| Relief Defendants. | ) |

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST
DEFENDANTS MARK G. MEYER AND MARK MEYER & ASSOCIATES, INC.**

Pursuant to Federal Rule of Civil Procedure 54(b) and the Court's July 28, 2008 order (Docket Entry 95), the Securities and Exchange Commission ("SEC") respectfully moves the Court to: (1) find defendants Mark G. Meyer ("Meyer") and his business Mark Meyer & Associates, Inc. ("Meyer & Associates" or collectively, the "Meyer Defendants") jointly and severally liable for disgorgement of the illegal Universal Lease commissions paid to them in the amount of $1,162,729.13, and for prejudgment interest thereon in the amount of $565,204.12, for a total of $1,727,933.25; (2) impose a civil penalty against Meyer in the amount of $120,000 and against Meyer & Associates in the amount of $600,000; and (3) enter a final judgment against Meyer and Meyer & Associates in the form attached as Exhibit 1, which includes both the disgorgement and civil penalties sought in this motion and the permanent injunctive relief previously ordered against them. In support, the SEC states as follows:

1. This is a securities enforcement action brought by the SEC in response to a massive nationwide fraudulent investment scheme orchestrated by Michael E. Kelly ("Kelly"). As alleged in the complaint, Kelly and those working with him raised more than $428 million from American investors through the fraudulent offer and sale of securities in the form of "Universal Leases." To sell Universal Leases, Kelly used a network of unregistered sales people who could not legally sell these securities (the "Selling Brokers") that he trained and who sold the Universal Lease by simply parroting to investors the false and misleading statements Kelly made to them in training. Kelly paid his Selling Brokers huge commissions that they did not disclose to investors.

2. Among Kelly's top Selling Brokers were Meyer and Meyer & Associates, the entity Meyer used for his Universal Lease business. The complaint alleges that Meyer and Meyer & Associates offered and sold Universal Leases through the use of false and misleading statements, sold these securities without registering with the SEC and when no registration statement for the Universal Lease securities was in effect, failed to disclose the huge commissions Kelly was paying them, recruited others to sell the Universal Leases and pocketed more than $1.15 million in commissions for Universal Lease sales.

3. The SEC seeks a judgment against Meyer and Meyer & Associates that: (a) permanently enjoins and restrains them from violating the charged provision of the federal securities laws (i.e., Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 10b-10 thereunder and, as to Meyer only, from aiding and abetting violations of Rule 10b-10); (b) requires them to disgorge all ill-gotten gains and unjust enrichment realized them from their unlawful conduct, gained directly or indirectly from the conduct alleged in the

complaint, together with prejudgment interest thereon; and (c) orders them to pay an appropriate civil money penalty.

4. In response to the complaint, the Meyer Defendants entered into a bifurcated settlement with the SEC in which they consented to the entry of an order of permanent injunction against them prohibiting future violations of the charged provisions of the securities laws. In addition, the Meyer Defendants agreed to procedures for resolving the SEC's remaining claims against them for disgorgement and civil penalties (i.e., for resolving this motion). *See* Consent of Defendants Mark G. Meyer and Mark Meyer & Associates, Inc., Docket Entry 92-3, at ¶ 3.

5. Specifically, the Meyer Defendants agreed that upon the SEC's motion, the Court would determine whether it is appropriate to order disgorgement of their ill-gotten gains, and whether to impose a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and civil penalty. *Id.* The Meyer Defendants also agreed that that in connection with the SEC's motion: (a) they would be precluded from arguing that they did not violate the federal securities laws as alleged in the Complaint; (b) they could not challenge the validity of his consent or the order of permanent injunction entered against they; (c) solely for the purposes of this motion, the allegations of the complaint would be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. *Id.*

6. The Court included these agreed-upon procedures in the order of permanent injunction previously entered against the Meyer Defendants. *See* Order of Permanent Injunction

7. The SEC now moves the Court to find the Meyer Defendants jointly and severally liable for disgorgement, prejudgment interest thereon, and to additionally impose a civil penalty against each of them. Pursuant to their consent and the Court's prior order, the Meyer Defendants may not contest that they violated the federal securities laws as alleged in the complaint. The allegations of the complaint, taken as true for purposes of this motion, amply demonstrate that the Meyer Defendants offered and sold Universal Leases in violation of the federal securities laws and profited handsomely as a result. Thus, it is established that they violated Sections 5(a), 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a) of the Exchange Act and Rules 10b-5 and 10b-10 thereunder.

8. As discussed more fully in the SEC's memorandum of law submitted in support of this motion, the uncontested facts of the complaint and the relevant law show that the Court should grant this motion.[1] The Court should order the Meyer Defendants, jointly and severally, to disgorge the Universal Lease commissions paid to them and to pay prejudgment interest thereon. As set out in the Declaration of R. Kevin Barrett (an accountant for the SEC who has examined the bank records showing the commissions paid to the Meyer Defendants), attached as Exhibit 2 to this motion, the amount of disgorgement that should by paid by the Meyer Defendants is $1,162,729.13, plus prejudgment interest in the amount of $565,204.12, for a total of $1,727,933.25. In addition, the SEC submits that the facts and law demonstrate that the Court should find that the Meyer Defendants' conduct is deserving of a single third-tier civil penalty

---

[1] We note that the Court has previously set disgorgement, civil penalties and entered final judgments in this case based on the same bifurcated settlements, evidence and methodology. *See* Docket entries 156, 168, 172-1 and 185.

against each of them, in the amount of $120,000 as to Meyer, and in the amount of $600,000 as to Meyer & Associates, pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.

WHEREFORE, Plaintiff, the United States Securities and Exchange Commission respectfully requests that the Court:

1. Find Meyer and Meyer & Associates jointly and severally liable for disgorgement of $1,162,729.13, plus prejudgment interest in the amount of $565,204.12, for a total of $1,727,933.25;

2. Impose a civil penalty against Meyer in the amount of $120,000, and against Meyer & Associates in the amount of $600,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78(d)(3)] ;

3. Enter a final judgment against Meyer and Meyer & Associates in the form attached hereto as Exhibit 1; and

4. Enter such other and further relief as the Court deems appropriate.

Dated: May 16, 2011

Respectfully submitted,

/s Kristopher S. Heston
Kristopher S. Heston (IL Bar No. 6204816)
Steven J. Levine (IL Bar No. 6226921)
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Ph: (312) 353-7390
Email: hestonk@sec.gov