# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-cv-4979 |
| Michael E. Kelly, et al., | ) |
| Defendants, | ) Judge: Elaine E. Bucklo |
| and | ) |
| | ) Mag. Judge: Arlander Keys |
| Avanti Motor Corporation and DMK Properties, L.L.C., | ) |
| | ) |
| | ) |
| Relief Defendants. | ) |

### PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS WILLIAM K. BOSTON, JR., WARREN T. CHAMBERS AND CENTURY ESTATE PLANNING, INC.

Pursuant to Federal Rule of Civil Procedure 54(b) and the Court's August 6, 2008 and August 18, 2008 orders (Docket Entries 100 and 104), the Securities and Exchange Commission ("SEC") respectfully moves the Court to: (1) find defendants William K. Boston, Jr., ("Boston"), Warren T. Chambers ("Chambers") and their business Century Estate Planning, Inc. ("Century Estate") (or collectively, the "Boston-Chambers Defendants") jointly and severally liable for disgorgement of the illegal Universal Lease commissions paid to them in the amount of $1,347,601.44 and for prejudgment interest thereon in the amount of $617,269.01, for a total of $1,964,870.45; (2) impose a civil penalty against Boston in the amount of $120,000, against Chambers in the amount of $120,000 and against Century Estate in the amount of $600,000; and (3) enter a final judgment against the Boston-Chambers Defendants in the form attached as Exhibit 1 which includes both the disgorgement and civil penalties sought in this motion and the

permanent injunctive relief previously ordered against them. In support, the SEC states as follows:

1. This is a securities enforcement action brought by the SEC in response to a massive nationwide fraudulent investment scheme orchestrated by Michael E. Kelly ("Kelly"). As alleged in the complaint, Kelly and those working with him raised more than $428 million from American investors through the fraudulent offer and sale of securities in the form of "Universal Leases." To sell Universal Leases, Kelly used a network of unregistered sales people who could not legally sell these securities (the "Selling Brokers") that he trained and who sold the Universal Lease by simply parroting to investors the false and misleading statements Kelly made to them in training. Kelly paid his Selling Brokers huge commissions that they did not disclose to investors. Among Kelly's top Selling Brokers were Boston, Chambers and Century Estate, the company through which they conducted their Universal Lease business.

2. The SEC's complaint alleges that the Boston-Chambers Defendants offered and sold Universal Leases through the use of false and misleading statements, sold these securities without registering with the SEC and when no registration statement for the Universal Lease securities was in effect, failed to disclose the huge commissions Kelly was paying them, recruited others to sell the Universal Leases and pocketed more than $1.3 million in commissions for Universal Lease sales.

3. The SEC seeks a judgment against the Boston-Chambers Defendants that: (a) permanently enjoins and restrains them from violating the charged provision of the federal securities laws (i.e., Sections 5(a), 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act"), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 10b-10 thereunder and, as to Boston and Chambers only, from aiding and

abetting violations of Rule 10b-10); (b) requires them to disgorge all ill-gotten gains and unjust enrichment realized them from their unlawful conduct, gained directly or indirectly from the conduct alleged in the complaint, together with prejudgment interest thereon; and (c) orders them to pay an appropriate civil money penalty.

4.  In response to the complaint, the Boston-Chambers Defendants entered into bifurcated settlements with the SEC in which they consented to the entry of orders of permanent injunction against them prohibiting future violations of the charged provisions of the securities laws.  In addition, the Boston-Chambers Defendants agreed to procedures for resolving the SEC's remaining claims against them for disgorgement and civil penalties (i.e., for resolving this motion).  *See* Consent of Defendant William K. Boston, Jr., (Docket Entry 101-3, at ¶ 3) and Consent of Defendants Warren T. Chambers and Century Estate Planning, Inc. (Docket Entry 97-3, at ¶ 3) (collectively "Defendants' Consents").

5.  Specifically, the Boston-Chambers Defendants agreed that upon the SEC's motion, the Court would determine whether it is appropriate to order disgorgement of their ill-gotten gains, and whether to impose a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the disgorgement and civil penalties.  *Id.*  The Boston-Chambers Defendants also agreed that that in connection with the SEC's motion: (a) they would be precluded from arguing that they did not violate the federal securities laws as alleged in the complaint; (b) they could not challenge the validity of their consents or the orders of permanent injunction entered against them; (c) solely for the purposes of this motion, the allegations of the complaint would be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative

testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. *Id.* The Court included these agreed-upon procedures in the orders of permanent injunction previously entered against the Boston-Chambers Defendants. *See* Order of Permanent Injunction against Defendant William K. Boston, Jr., and Order of Permanent Injunction against Defendants Warren T. Chambers and Century Estate Planning, Inc. (collectively "Orders of Permanent Injunction"), Docket Entries 100, 104, at p. 5, Section VII.

6. The SEC now moves the Court to find the Boston-Chambers Defendants jointly and severally liable for disgorgement and prejudgment interest thereon, and to additionally impose a civil penalty against each of them. Pursuant to the Defendants' Consents and the Court's Orders of Permanent Injunction, the Boston-Chambers Defendants may not contest that they violated the federal securities laws as alleged in the complaint. The allegations of the complaint, taken as true for purposes of this motion, amply demonstrate that the Boston-Chambers Defendants offered and sold Universal Leases in violation of the federal securities laws and profited handsomely as a result. Thus, it is established that they violated Sections 5(a), 5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a) of the Exchange Act and Rules 10b-5 and 10b-10 thereunder.

7. As discussed more fully in the SEC's memorandum of law submitted in support of this motion, the uncontested facts of the complaint and the relevant law show that the Court should grant this motion and order the Boston-Chambers Defendants, jointly and severally, to disgorge the Universal Lease commissions paid to them and to pay prejudgment interest thereon. As set out in the Declaration of R. Kevin Barrett (an accountant for the SEC who has examined the bank records showing the commissions paid to the Boston-Chambers Defendants), attached

4

as Exhibit 2 to this motion, the amount of disgorgement that should by paid by the Boston-Chambers Defendants is $1,347,601.44, plus prejudgment interest in the amount of $617,269.01, for a total of $1,964,870.45. In addition, the SEC submits that the facts and law demonstrate that the Court should find that the Boston-Chambers Defendants' conduct is deserving of a single third-tier civil penalty against each of them, in the amount of $120,000 as to Boston and Chambers and in the amount of $600,000 as to Century Estate, pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act.[1]

WHEREFORE, Plaintiff, the United States Securities and Exchange Commission respectfully requests that the Court grant this motion and enter an order in the form attached as Exhibit 1 that:

1. Finds Boston, Chambers and Century Estate jointly and severally liable for disgorgement of $1,347,601.44 plus prejudgment interest in the amount of $617,269.01, for a total of $1,964,870.45;

2. Imposes a civil penalty against Boston in the amount of $120,000, against Chambers in the amount of $120,000 and against Century Estate in the amount of $600,000, pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] ;

---

[1] We note that the Court has previously set disgorgement, civil penalties and entered final judgments against other defendants in this case based on the same bifurcated settlements, evidence and methodology. *See* Docket entries 156, 168, 172-1 and 185.

3. Includes in the final judgment against the Boston-Chambers Defendants both the disgorgement and civil penalties sought in this motion and the permanent injunctive relief previously ordered against them; and

4. Enters such other and further relief as the Court deems appropriate.

Dated: June 9, 2011

Respectfully submitted,

/s  Kristopher S. Heston
Kristopher S. Heston (IL Bar No. 6204816)
Steven J. Levine (IL Bar No. 6226921)
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Ph: (312) 353-7390
Email: hestonk@sec.gov