UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:07-cv-4979 |
| | ) |
| v. | ) |
| | ) Judge: Elaine E. Bucklo |
| Michael E. Kelly, et al., | ) |
| Defendants. | ) |

**U.S. SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS DISGORGEMENT CLAIMS AND TO ENTER FINAL JUDGMENTS BY CONSENT AS TO DEFENDANTS MICHAEL P. KELLY AND DONALD L. KELLY**

Plaintiff United States Securities and Exchange Commission ("SEC"), pursuant to Federal Rule of Civil Procedure 54(b) and the attached consents, respectfully moves the Court to enter final judgment, in the form attached hereto, against defendants Michael P. Kelly ("Michael Kelly") and Donald L. Kelly ("Donald Kelly," or collectively, the "Kelly Defendants") and to dismiss the SEC's disgorgement claims against them. In support, the SEC states as follows:

1. In this securities enforcement action, the SEC initially sued 28 defendants and relief defendants, alleging that Michael E. Kelly ("Kelly") created and controlled a huge securities offering fraud. The complaint alleged that from late 1999 to early 2005, Kelly and others working with him raised more than $428 million from thousands of investors in the United States by selling investment contracts called Universal Leases. Universal Leases were nominally structured as timeshare interests in Mexican hotels coupled with pre-arranged leasing agreements that falsely promised investors a safe investment with a fixed, high rate of return. Kelly offered and sold Universal Leases through a vast network of insurance agents and other unregistered salespeople whom Kelly trained and to whom he paid huge commissions. The

complaint also alleged that Michael Kelly and Donald Kelly, Kelly's two sons, aided and abetted their father's violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and that Michael Kelly had violated Section 5 of the Securities Act of 1933 ("Securities Act"). See Complaint, ¶¶ 18-19, 179-185. The SEC sought as relief an injunction against further violations of the charged provisions of the federal securities laws, disgorgement, and an appropriate civil penalty. Complaint, pp. 60-63. The SEC has obtained final judgments or otherwise resolved its claims against all defendants and relief defendants except the Kelly Defendants.

2. The SEC and Michael Kelly have now reached a settlement in this matter, which is embodied in the Consent of Defendant Michael P. Kelly, attached hereto as Exhibit 1. Pursuant to his consent, Michael Kelly has agreed to the entry of the Final Judgment as to Defendant Michael P. Kelly, attached hereto as Exhibit 2.

3. The SEC and Donald Kelly have also reached a settlement in this matter, which is embodied in the Consent of Defendant Donald L. Kelly, attached hereto as Exhibit 3. Pursuant to his consent, Donald Kelly has agreed to the entry of the Final judgment as to Defendant Donald L. Kelly, attached hereto as Exhibit 4.

4. Pursuant to the Kelly Defendants' settlements, the Kelly Defendants' cooperation in turning over substantial assets to the special master appointed in the parallel criminal case of United States v. Michael E. Kelly, case number 1:06-cr-964 (N.D. Ill), and the Kelly Defendants' answers to financial interrogatories and other financial information provided to the Department of Justice in that action, the SEC also moves to dismiss its claims for disgorgement against these Defendants.

5. When considering whether to approve a consent settlement in an SEC enforcement action, a court should determine whether the proposed consent decree is "fair and reasonable, with the additional requirement that the 'public interest would not be disserved' " when the proposed judgment includes injunctive relief. See SEC v. Citigroup Global Markets Inc., 752 F.3d 285, 294 (2d Cir. 2014) (quoting eBay, Inc. v. MercExchange, 547 U.S. 388, 391 (2006). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is required to enter the order." Citigroup Global Markets, Inc. at 294. In evaluating a proposed SEC consent judgment, a court should assess: (1) the basic legality of the decree; (2) whether the terms of the decree are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some type. Id.

6. The two proposed consent judgments meet this standard. The proposed judgments impose permanent injunctions and civil penalties, two forms of relief specifically requested in the complaint and that are explicitly authorized by the Securities Act and the Exchange Act. See 15 U.S.C. §77t(b) and (d); 15 U.S.C. §78u(d). The terms of the judgments are clear and, together with the requested dismissal of the SEC's disgorgement claims, resolve all of the claims against these defendants that are alleged in the SEC's complaint. And finally, the consents and judgments are not tainted by improper collusion or corruption of any sort and there is no evidence in the record to the contrary. As a result, the SEC respectfully requests that the Court enter the proposed judgments.

WHEREFORE, for the foregoing reasons, the SEC respectfully requests that the Court:

A. Grant this motion;

B. Enter final judgment against defendant Michael P. Kelly in the form attached hereto as Exhibit 2;

C. Enter final judgment against defendant Donald L. Kelly in the form attached hereto as Exhibit 4;

D. Dismiss the SEC's claims for disgorgement against Michael P. Kelly and Donald L. Kelly;

E. Enter such other and further relief as is just and proper.


Dated: December 9, 2015

Respectfully Submitted,


/s Kristopher S. Heston
Kristopher S. Heston (IL Bar No. 6204816)
One of the Attorneys for Plaintiff
U.S. Securities and Exchange Commission
175 W. Jackson Blvd., Suite 900
Chicago, IL 60604
Ph: 312.353.7390
Fx: 312.353.3381
Email: hestonk@sec.gov